780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
DR. RAMON HERNANDEZ, MARIA HERNANDEZ AND FELIX CABRERA,
Plaintiffs-Appellants
v.
THE CITY OF LOUISVILLE, KENTUCKY, OFFICER BARRON COMBS,
OFFICER ROBERT MEADOWS, AND SERGEANT HENRY PERRY,
Defendants-Appellees.
 85-5278
 United States Court of Appeals, Sixth Circuit.
 11/14/85
 
 AFFIRMED
 W.D.Ky.
 ORDER
 BEFORE: MARTIN, CONTIE, and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of appellants' appeal from the district court's judgment dismissing their civil rights complaint. Upon consideration of the record and the supporting documents, including a partial transcript, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellants filed a civil rights complaint in the district court after being acquitted by a jury on charges for public intoxication and disorderly conduct. The complaint was filed under 42 U.S.C. Secs. 1983 1985, 1988 and 2000e et seq., against the City of Louisville, three of its police officers and the owners of a private establishment, 'The Do Drop Inn'. The owners of the establishment were dismissed from the action. A trial by jury was held. A directed verdict was given in favor of the City of Louisville at the close of appellants' case. The jury returned a verdict in favor of the police officers. Appellants appealed to this Court pro se challenging the lower court's decision alleging that the verdict was based on perjured testimony, the jury was comprised of employees of the City of Louisville who were biased, and the court failed to instruct the jury that appellants had been acquitted on their charges. Upon consideration of the record and the documents submitted in support of this appeal, this Court finds appellants' allegations lack merit.
 
 
 3
 Review of that portion of the transcript containing the impaneling of the jury reveals that the sworn jury was not comprised of any jurors who were, or had relatives who were, employees of the appellee, City of Louisville. Moreover the transcript reveals that the jury was aware that appellants had been acquitted on the underlying charges giving rise to the action in the district court. Appellants' counsel so informed the jury on opening statement and appellants provided the fact through testimony. The jury, due to the witnesses' cross-examination, was knowledgeable of sufficient information concerning the defense witnesses' retaliatory motives and criminal record to make an appraisal on his credibility. See United States v. Jones, 766 F.2d 994, 1004 (6th Cir. 1985); United States v. Touchstone, 726 F.2d 1116, 1123 (6th Cir. 1984) (quoting United States v. Campbell, 426 F.2d 547, 550 (2d Cir. 1970)). See also United States v. Smith, 748 F.2d 1091, 1096 (6th Cir. 1984). Credibility of the witness is left to the jury. United States v. Barnard, 490 F.2d 907, 912 (9th Cir. 1973), cert. denied, 416 U.S. 959 (1974).
 
 
 4
 It is therefore ORDERED that the district court's judgment be an hereby is affirmed. Rule 9, Rules of the Sixth Circuit.